Prompt Med. Group, Inc. v Erie Ins. Co. of N.Y. (2025 NY Slip Op 51164(U))

[*1]

Prompt Med. Group, Inc. v Erie Ins. Co. of N.Y.

2025 NY Slip Op 51164(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-257 RI C

Prompt Medical Group, Inc., as Assignee of Nahkim Eastman, Appellant,
against
Erie Insurance Company of New York, Respondent. 

Gary Tsirelman, P.C. (Galina Feldsherova of counsel), for appellant.
Law Office of Robyn M. Brilliant (Robyn M. Brilliant of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), dated February 1, 2024. The order granted defendant's motion for summary judgment dismissing the complaint.

ORDERED that, on the court's own motion, the notice of appeal from a "judgment" purportedly entered February 1, 2024 is deemed a notice of appeal from the order dated February 1, 2024 (see CPLR 5520 [c]); and it is further,
ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court (Mary A. Kavanagh, J.) dated February 1, 2024 granting defendant's motion for summary judgment dismissing the complaint on the ground that the vehicle insured by defendant (the insured vehicle), was not involved in the accident.
In support of its motion, defendant relied on the truth of statements made in a police report regarding the accident. While the police report was certified, the statements within the report attributed to the driver of an unrelated vehicle, a witness and plaintiff's assignor were inadmissible hearsay, as no exception to the hearsay rule was established for the statements (see Yassin v Blackman, 188 AD3d 62, 66 [2020]; New York Hosp. Med. Ctr. of Queens v Utica Mut. Ins. Co., 38 Misc 3d 128[A], 2012 NY Slip Op 52388[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). The statement in a purported transcript of a call with the owner of the insured vehicle, which defendant offered for its truth, was also inadmissible hearsay. In any event, defendant's own papers demonstrated that there are conflicting accounts as to how the alleged accident occurred and whether the insured vehicle was involved. Thus, defendant's motion failed to demonstrate, as a matter of law, that there are no material issues of fact to be determined.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025